District Court CASE No. 3:18-cv-05717-RJB-JRC

20-35449

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 2 2 2020

FILED
DOCKETED_____
DATE        INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT


ROBERT WAYNE HUGHES,
Plaintiff,

vs.

KEVEN BONECAMP: B. BLAIR,
KEN MOORE, K. SAWYRE, MD
K. Krohoa, Dr. Smith, MD.
M. Holthe,
Defendants.


**APPELLATE'S BRIEF**

--------------------------------------

**JURISDICTIONAL STATEMENT**


Pursuant to 28 U.S.C. § 1915(e)(1) & U.S.C. § 1983 judgement was entered in SUMMARY JUDGMENT. A timely Objection to the Magistrate's Ruling was denied _____/___/2010. Plaintiff filed a timely NOTICE OF APPEAL on May ___, 2020.


The District Court's jurisdiction was founded upon U.S.C.A. § 1983 in that Appellate filed a conditions of confinement suit against DOC officials for Deliberate Indifference to Plaintiff's Medical Needs.

This Court's Jurisdiction is founded on U.S.C.A §1983 Civil Rights Claim.

The Entry of Judgment I am appealing was entered on ____/___/2010. No further motion was filed on that cause due to the corona virus and limiting seating at law library.

My notice of appeals was filed ____/____/2020 with all formula paprus.

A. ATTACHED IS THE ORDER FOR SUMMARY JUDGMENT IN THE DISTRICT COURT.

B. The Docket sheet was filed at the time of notice of appeal & formula paprus.

### ISSUES

IT IS DEBATABLE BY REASONABLE JURIST THAT DEFENDANTS HAVE FAILED TO DEMONSTRATE THEY DID NOT VIOLATE PLAINTIFF'S RIGHT TO ADEQUATE MEDICAL CARE VIOLATING 42 U.S.C.A. §1983 THEREFORE THE 9TH CIRCUIT COURT OF APPEALS SHOULD REVERSE THE LOWER COURT'S DISMISSIAL OF PLAINTIFF'S CLAIMS.

PLAINTIFF'S INJURY WAS SUFICIENCY SERIOUS MEDICAL NEED AND DISMISSAL OF PLAINTIFF'S CLAIM WAS PREMATURE.

PLAINTIFF WAS NOT ALLOWED A FULL AND FAIR DISCOVERY BECAUSE DEFENDANT'S USED THE OVERWHELMING POWER OF THE STATE'S CONTROL OVER THE DISCOVERY PROCESS TO STONEWALL PLAINTIFF'S DISCOVERY REQUESTS AND PROOF OF HIS CLAIM.

DEFENDANTS FAILED TO DIAGNOSE PLAINTIFF'S INITIAL INJURY AND WAS DILIBERATE TO HIS SECOND EMERGENCY COMPOUNDED INJURY, AMOUNTING TO A DELIBERATE INDIFFERENCE TO HIS MEDICAL NEED.

IT IS DEBATABLE THAT PLAINTIFF'S LACK OF DILIGENT EMERGENCY TREATMENT WAS DELIBERATE INDIFFERENCE AND NOT A DIFFERENCE TO MEDICAL OPINION BETWEEN PLAINTIFF AND DEFENDANTS.

### STATEMENT OF FACTS

### FACTS DEBATABLE BY REASONABLE JURIST TO DECIDE.

IT IS DEBATABLE BY REASONABLE JURIST THAT DEFENDANT'S HAVE FAILED TO DEMONSTRATE THEY DID NOT VIOLATE PLAINTIEF'S RIGHT TO ADEQUATE MEDICAL CARE VIOLATIONS 42 U.S.C.A. § 1983 THEREFORE THE 9TH CIRCUIT COURT OF APPEALS SHOULD REVERSE THE LOWER COURT'S DISMISSIAL OF PLAINTIFF'S CLAIMS.

ROBERT WAYNE HUGHES suffered a left torn bicep injury at Clallam, Bay Correction Center. This was done in the course of correction officials ordering ROBERT WAYNE HUGHES to lift a overweight can of wet mop-heads.

The initial provider wrote orders to transport ROBERT WAYNE HUGHES to a outside emergency facility for prompt treatment. The trip was cancel'ed due to non-medical reasons. If seen ROBERT WAYNE HUGHES injury could have been treated. This is not a difference of medical opinion between ROBERT WAYNE HUGHES and defendants.

All defendants agree that after a period of time gone by that "nothing else could be done". It is debatable between reasonable jurist that this is the case. Other inmates with the same injury was being treated and since then treatment has been reserved for a select number of prisoners. This exact information was ignored by defendants though the discovery process. Defendant's have not complied with teh Civil Rules of Procedure governing discovery requests. Defendants in a attempt to not come forth with ROBERT WAYNE HUGHES proof of his claim, defendants acted in bad faith.

This Court should review the evidence and see that the defendant's bad faith utilized was using the powers of the state resources to foreclose written introgroties, admissions and production of documents. The record show this was done with postponing answering and requiring ROBERT WAYNE HUGHES to compel through the Magistrate to urge the Magistrate to order discovery

or appoint a middle man so the process would be fair and ROBERT WAYNE HUGHES right to this process can be do.

Defendants claimed that ROBERT WAYNE HUGHES already had the documents he requested. Defendants never claimed they were expensive, burdensome or for harassment.

For instance Dr. Smith education is in question for not diagnossing ROBERT WAYNE HUGHES for "what really was going on". Dr. Thompson commented in the record that something else is going wrong. Defendant's never diagnosed ROBERT WAYNE HUGHES injury. Instead gave him hot water bottles a health status report so he did not have to "tuck in his shirt". And some pain management and unsuccessful physical therapy by Dr. Thompson.

ROBERT WAYNE HUGHES re-injured his torn bicep durning a use of force incident. ROBERT WAYNE HUGHES declared a medical emergency. This was totally ignored. When ROBERT WAYNE HUGHES was transfered the next day medical officials (defendants) blew it off as a "Old Injury".

Thus, a reasonable jurist could decide that a combined indifference to emergency and refusal to investigate and diagnosis ROBERT WAYNE HUGHES loss of use of his arm is a direct result of defendants knowingly being indifferent by – treating others with the same injury – not diagnoses ROBERT WAYNE HUGHES injury or re-injury- debatible that the grievances that the lack of educated qualified diagnoses was done in ROBERT WAYNE HUGHES case of bicep torn injury. This was a knowing act of defendants to forclose any avenue of treatment other then pills and sling.

It is debateble that as a result of a knowing act of cosmedic

medical attention   ROBERT WAYNE HUGHES continues to lose use of his arm and is a disablity.   It is debatable that defendants relying on observation and opinion of non-medical security guards (Correctional officers), to give a medical opinion as to the extent of   ROBERT WAYNE HUGHES suffering and ability to recover is acting with a full awareness of the wrongness of this treatment.

It is debatable among reasonable jurists that ROBERT WAYNE HUGHES provided a written medical report of Dr. Smith ordering a MRI and defendants deny this happened despite of a copy of the written notation.   Defendant's say this never was so.   It is debatable among reasonable jurists that defendants was not diagnosis ROBERT WAYNE HUGHES serious medical condition but instead changed course of treatment and backed the next medical hunch or report instead of diagnosis ROBERT WAYNE HUGHES torn bicep.   This is a knowing act and was not done for any medical reasoning.   This is evidneced by the defendants bad faith and questionable discovery compliance by not putting the cards on the table.

It is in dispute whether Robert Wayne Hughes, was provided the same standard of care of others with this injury.   The defendants are in possession of this evidence.   It is not a different medical opinion between plaintiff and defendants....

This is important because throughout the defendants answer (Page 10, 12 Def. Br.), is Plaintiff Hughes only provided grievances. And in fact filed the medical records to prove his issues that; Prisons are not allowed to have a rigid list of serious medical need without allowing some flexibility in individual prisoner evaluations. **Martin Debruyn**, 880 F.Supp. 610, 614 (N.D. Ind. 1995).

There are clearly disputes and the defendant's response and lack of filing the pleading's electronically or providing discover complicates this litigation. Plaintiff Hughes already stated and moved this Court for Counsel because he is unable to fully apply the law and facts in face of the defendant's "Tricks" to set his focus off track. That would be well and strategic for attorneys to do with their education and resources.

Therefore, this Court should ask where is the Papers that are the Courts for consideration. [filed by Plaintiff].

Besides the "Missing" filed documents. Plaintiff's counsel is acting in bad faith with the discovery Plaintiff asked for. Its like they are playing this complaint as a "Nut in the pea Shell game". By shuffling the shells and as a "Shrill" the counsel is palming the documents Plaintiff asked for in his Discovery Request. Sure no Shell is going to have the Pea or the documents Plaintiff Hughes needs because they are palmed.

There are clearly disputes that a reasonable jurist could decide concerning the following:

1. page 2 of Defendants brief states medical professionals

provided prompt and appropriate medical care for the bicep tendon. This should be considered in light of their original diagnosis and plaintiff Hughes evidence (Medical records). Firthermore "Something else is going on", was one medical report. Defendant's fail and continue to fail to diagnosis the injury and only treat the symptoms.

2. Denial of Emergency care in which Plaintiff Hughes filed a complaint for emergency treatment and instead of the medical officials dealing with the "New injury" they transfer him to *GRIVUCICE showing new injury* another prison and those medical officials say "Oh its a Old injury" a fact that is can be disputed by a reasonable juror.

3. The investigation were all geared toward the treatment of the symptoms and not the negligence, skirting the ignoring of treatment. [Deliberate Indifference].

4. Medical officials and defendant's in concert only treated the symptoms with pills and therapy. The Therapy specialist Mr. Thompson evidence suggest a diliberate indifference. One which a reasonable jurist could decide.

5. Plaintiff's evidence of Dr. Smith's falsified documents is distinguishable. *Dr. Smith own Statment Says Hughes is Disable, But he Don't Know to what Degree.*

6. The investigators in Plaintiff's development of the facts had the responsibility not only to not compond an identified situation, but is placed in the position of resolving it once it is identified. The post-deprivation procedure available to the plaintiff is the Inmate Grievance Procedure. The named Grievance Investigators through there denial of plaintiff's grievances

*HSR to Have Job That Hughes only Has to use one Arm Because He is Disable And can not Funciton with The use of one Arm, And Still in Pain.*

23

eliminated that post-deprrefation process.  **Igram v. Wright**, 430 U.S. 651, 672, 97 S.Ct. 1401 (1977).

It was a expressly arbitrary decision by defendant's to eliminate this relief available to Plaintiff Hughes, as state officials who had direct and final control over that relief. **Daniels v. Williams**, 474 U.S. 327, 331-32, 106 S.Ct. 662, 665 (1986).

7. All defendants are before this Court and the trier of fact directly flows from policy, to deliberate indifference to medical needs to Eighth Amendment, to gross negligence, to each defendant's responsibility in that action, and the lack of reparation that should have occurred.

Evaluations must be meaningful.  In this case and the exhibits Plaintiff Hughes provided (213 pages) states a claim that the diagnosis was not reasonable and a expert is not needed to determine that Plaintiff's injury is something and not what was diagnosised, or treated for.  A physical look warrants Health Status reports that allow Plaintiff to do or not do ordinary tasks.  Medical diagnosis and treatment has all but stopped in any meaningful manor to help Plaintiff's functioning.

There was no flexibility in Plaintiff's evaluations. **Blackmore v. Kalamazoo Cntyu.**, 390 F.3d 890 F.3d 890, 898 (6th Cir. 2004)( A "plaintiff's deliberate indifference claim may be based on the prison's failure to treat a condition adequately, even where the prisoner's affliction is seemingly minor or non-obvious.  In such circumstances, medical proof is necessary to assess whether the delay is necessary to assess whether the delay caused a serious medical injury").  Hughes evidence he

24

provided shows at the first delay caused permanent injury and function to his bicep.).

**FAILING TO INVESTIGATE ENOUGH TO MAKE AN INFORMED JUDGMENT.**

Under the Eight Amendment claim of deliberate indifference to plaintiff Hughes medical needs on the basis of:

Defendant's did not make an informed decision about my medical care when as a response to my complaints of medical injury, they did not properly treat me, did not investigate the cause of my medical condition, they did not properly treat me, did not investigate the cause to this day of my medical condition, did not order diagnostic tests, did not send me to a specialist, or did not consult my medical records properly before denying me a MRI.

**FAILURE TO TREAT**

See, **Gonzalez v. Feinerman**, 663 F.3d 311, 314 (7th Cir. 2011); **Arnet v. Webster**, 658 F.3d 742, 754 (7th Cir. 2011); **McElligott v. Foley**, 182 F.3d 1248, 1252, 1256-57 (11th Cir. 1999).

**FAILURE TO DIAGNOSIS**

**Liscio v. Warren**, 901 F.2d 274, 276-77 (2nd Cir. 1990)

**FAILURE TO PERFORM TESTS**

**Miltier v. Beorn**, 896 F.2d 849, 853 (4th Cir. 1990).

**DOCTOR REFUSING TO SEND TO A SPECIALIST**

**Greeno v. Daley**, 414 F.3d 645, 655 (7th Cir. 2005)

25

The only thing standing in the way of d.o.c. doing anything they want that medically shocks the conscious is supposed to be a §2254(or Civil Complaint).

ROBERT WAYNE HUGHES, has produced media evidence that he is not trying to make a living off this injury with the deaths and level of treatment prisoners receive. The R&R is objected to because it sides unfairly with serious medical problems that is resulting in the Washington Department of Corrections and needs to be checked by the Court.

The fundamental requirement of Due Process is the opportunity to be heard "at a meaningful time and in a meaningful manner". **Armstrong v. Mannzo**, 380 U.S. 545, 522 (1963); **Mathew v. Eldrige**, 424 U.S. 313, 333 (1976). The pursuit of litigation is protected by the First Amendment Right to petition the government for redress. **California Major Transportation Co. Trucking Unlimited**, 404 U.S. 508, 510 (1972). Therefore, the Court's have cited both the Due Process Clause and the First Amendment as a basis for the right of access to the Courts. **Procunier v. Martinez**, 416 U.S. 396 (1974). The right "adheres to civil rights as well as to habeas corpus proceedings." **Storseth v. Spellman**, 654 F.2d 1349, 1352 (9th Cir. 1981).

To have a meaningful access would also require the plaintiff to have a right to an adequate opportunity to present his claims fairly in the contex of appellate process. **Evits v. Lucey**, 469 U.S. 387, 402 (1985).

M

\*Issues of material fact in dispute. Fed. R. Civ. P. 56(c); **Semegem v. Weidner**, 780 F.2d 727 (9th Cir. 1985).

Once the moving party has carried its burden under Rule 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. **Matsushita Elec. Indus. Co., LTD. v. Zenith Raido Corp,**, 475 U.S. 574, 586, 106 S.Ct. 1344b, 1356 (1986). The party opposing the motion must set forth specific facts showing there is a geniuine issue of fact for trial. <u>Anderson, Supra</u>, 477 U.S. at 428.

## ARGUMENT

A. HUGHES STATES A VIABLE CLAIM UNDER THE EIGHTS AMENDMENT AND IS ENTITLED TO JUDGMENT IN HIS FAVOR.

Hughes sets forth evidence and facts applied to federal law that he was not provided with medically necessary treatment to his injury he suffered while performing his program duties as a "inmate Porter". Further, as the lack of reasonable care under the OFFENDER HEALTH CARE PLAN [ EXHIB. 1. APPENDIX], violated the Eighth Amendment.

In stating this claim under 42 U.S.C. §1983, he has met at least two elements (1) the defendant must be a person acting under color of law, (2) and his conduct must have deprived the plaintiff of eights, privileges or immunities secured by the constitution or laws of the United States. **Pratt v. Taylor**, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. See **Mt. Healthy City School Dist. Bd. of Educ. v. Doyle**, 429 U.S. 274, 286-87 (1977); **Flores v. Pierce**,

617 F.2d 1386, 1390-91 (9th cir. 1980), **cert denied**, 499 U.S. 875 (1980).

Plaintiff shows he suffered harm, and it was due to more than negligence conduct by the defendants, and amounted to deliberiate indifference demonstrating a abridgement of constitutional protections. **Davidson v. Cannon**, 474 U.S. 344, 347-348 (1986).

This Court should grant Plaintiff Hughes Eighth Amendment claim because he has a genuine issue for trial and has the evidence Defendants are deliberately indifferent to a serious medical need. Alternatively, the defendants are not entitle to qualifies immunity because of the violations of constitutional right in light of Plaintiff's medical evidence, and it is not possible they could believe their actions were lawfull.

It is "the unnecessary and wanton infliction of pain'...[which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." **Whitley v. Albers**, 475 U.S. 312, 219 (9186) Moreover, "[it] is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." **Wilson v. Seiter**, 501 U.S. 249 (1991).

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P"). In deciding whether summary judgment should be granted, the Court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c)&(e).

When a summary judgment motion is supported as provided in Fed. R. Civ. P 56, an adverse party may not rest upon the mere allegations or denial of his pleading, but his response, by affidavits or as other wise provided in Fed. R. Civ. P. 56, must set for the specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. **Id.**

**A. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS DEFENDANTS HAVE FAILED TO DEMONSTRATE THEY DID NOT VIOLATE PLAINTIFF'S RIGHT TO ADEQUATE MEDICAL CARE VIOLATING 42 U.S.C. § 1983.**

1. Defendants Can't Demonstrate that They Were Not Aware of Subjective Component of his Medical Problem(S).

For example, in **Hemmings V. Gorczyk**, prison medical staff diagnosed a ruptured tendon as a sprain and refused for two months to send prisoner to a specially trained doctor; however,

the Second Circuit later found that the prisoner's condition was painful enough to be "sufficiently serious." **Hemmings v. Gorczk**, 134 F.3d 104, 109 (2nd Cir. 1998).

The Second Circuit has held that the denial of care has to be objectively serious enough to create "a condition of urgency"-a situation where death, permanent injury, or extreme pain appears likely to occur or has occurred. **See Brock v. Wright**, 315 F.3d 158, 163-64 (2nd Cir. 2003)(finding that failing to adequately examine painful swollen tissue from a knife wound could constitute deliberate indifference); **Williams v. Vincent**, 508 F.2d 541, 544 (2nd Cir. 1974)( finding deliberate indifference when a portion of a prisoner's ear had been cut off during a fight and prison officials merely stitched a stump of the prisoner's ear instead of attempting to suture the severed portion back on): See Also, **Salahuddin v. Goord**, 467 F.3d 263, 280 (2nd Cir. 2006)(defining sufficiently serious as "whether 'a reasonable doctor or patient would find it important and worth of comment.' whether the condition 'significantlh affects an individual's daily activities,' and whether it causes chronic and substantial pain'")(quoting **Chance v. Armstrong**, 143 F.3d 698, 702 (2nd Cir. 1998)).

The Ninth Circuit and Washington's district Courts similarly high requirements for what counts as a serious injury in Plaintiff' ROBERT W. HUGHES injury as described in the following discussion on how his injury and defendant's lack of care combined with the minimum attention of just seeing Mr. Hughes to avoid a complete indifference as follows:

2.  Plaintiff Hughes Efforts Through Grievance Procedure to Get Treatment Failed In Providing A Remedy To get Medical Issues Distinguished.

Plaintiff took steps in the administrative remedy procedure(S) such as the grievance and Medical Kite's procedures to get relief and adequate medical aid from defendants. **Brooth v. Churner**, 532 U.S. 731, 739-41, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958, 966-67 (2001); Here in Plaintiff's Hughes case and throughout the grievance and "Medical Kites' procedures the defendant's taylored there responses in the administrative process as if they were defending themselves and not distinguishing Plaintiff Hughe's serious medical needs. By not identifying those whose responsibility to personally correct the medical issues to provide a remedy.

The defendant's geared there answer's to dismiss because the incidents were deemed to many issues, or a ongoing condition that has already been heard, or that it was not a Emergency, or that it has been heard already when Plaintiff re-injured his bicep during transport. **Anderson v. XYZ Corr. Health Serv.**, 407 F.#D ¢&$, 681 (4th Cir. 2005); Violating the holdings in Estelle v. Gmble, **429 U.S. 97, 104-05, 87 S.Ct. 285, 291, 50 L.Ed.2d 251, 260 (1976)("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the [8th] Amendment.**

1.
2. This is true whether the indifference is manifested by prison
3. doctors in their response to the prisoner's needs or by prison
4. guards in intentionally denying or delaying access to medical
5. care or intentionally interfering with the treatment once
6. prescribed.").

7. **Health Care Records**

8. Labled Grievance(s) "(A)". APPENDIX

9. (1) & (33)Log # 18657056 8/3/2018 K. Bonecamp Quotes "Smith said
10. would not help (MRI)(because it's Chronic)(No sergury
11. based on latest evidence) 10/9/2018
12. (36) & (32)Log 18660926 10/3/2018 "director explained to you MRI
13. scan was not necessary...can perform daily
14. functions...grievances not supported." "Limited
15. function and pain."
16. (74(81) Rewrite grievance Log 18660926

17. **EMERGENCY GRIEVANCE DENIED**

18. (21)(22) Log #17640482 9/18/2017 Emergency was denied and
19. Appealed as continued EMERGENCY. Answer was "Emergency
20. process completed."
21. (13)(7)(15)(55) Log #17640482 not excepted "Exceed Deadline"
22. Accepted Log #17640482 2/4/2018 "Chart adequately
23. investigated."
24. (19)(20) Log #17640482 "If worsen notify provider."
25. (3)(5) Log 18657056 6/22/2018, Grievance not addressed, Denied
Issue, remedy was contact provider for further evaulation.

See    Log #18653760 4/1/2018 Initial grievance not accepted, stating a diliberate indifference to grievance not to regress complaint.

**"a". The objective Part: "Sufficiency Seriours" Medical Need**

To establish the first part (the "objective" part) of an Eight Amendment claim based on prison officials' deliberate indifference to Plaintiff Hughes medical needs, He must show that His medical needs were sufficiently serious. Courts define "Serious Medical Need" as "one that has been diagnosed by a physician and mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention. **Estelle v. Gamble** 429 U.S. 97 **Supra**. **Carnell v. Grimm**, 872 F.Supp. 746, 755 (D. Haw. 1994)("A 'serious medical need exists if the failure to treat the need could result in further significant injury or 'unnecessary and wanton infliction of pain."')( Quoting Estelle v. Gamble)(9th Cir 1996). **Supra**,

In **Johnson v. Bowers**, 884 F.2d 1053, 1056 (8th Cir. 1989)(determining that prison must provide treatment when a s"substantial disability exhists); **Monmouyh Cnyy. Corr. Inst. Inmates v. Lanzaro**, 834 F.2d 326, 347 (3d Cir. 1987)(finding that medical need is serious if it imposes a "life-long handicap or perment loss").

Plaintiff's medical condition was delayed according to the evidence. Where medical care was delayed, court's look at whether the effects of the delay or interruption-not the

underlying medical condition-are objectively serious enough to present an Eigth Amendment question. **Kikumura v. Osagie**,, 461 F.ed 1269, 1292, 1295-96 (19 Cir. 2006) Holding delay must be shown to have caused 'substantial harm" and that pain caused by delay can amount to substantial harm).

Whether a medical need is "serious" should be determined on a case-by-case basis and not only by a prison's serious need list." **See** [EHIB. *E* WASHINGTON DOC HEALTH PLAN PG. 2.]; **Martin v. DeBruyn**, 880 F. Supp. 610, 614 (N.D. Ind. 1995)(holding that "[c]ourts determine what constitutes a serious medical need on a case-by-case basis" and that prisoner's ulcers were "serious" even though prison did not include ulcers in a list of serious medical needs). **Johnson v. Bowers**, 884 F.2d 1053, 1056 (8th Cir. 1998)(holding that a hospital's "gratuitous classification" of a surgery as "elective" does not remove prison's duty "to promptly provide necessary medical treatment").

The following record demonstrates that defendant's knew about and disregarded Plaintiff Hughes serious medical need. Defendant J. Smith ordered a MRI & never followed up on getting one for plaintiff Hughes;

Defendant's denied medical Emergency; defendant's ordered Orthopetic to see plaintiff Hughes, defendants did not pursue fixing plaintiff Hughes injury, defendant Hothe on 9/19/17 denied emergency process, defendant Hothe would not see because "Its a old injury when Plaintiff Huges re-injured his bicept, Defendant Hothe said the surgery costs too much to fix arm and on 9/26/17 based on this surgury is not required. On 12/28/2017 Defendants

34

1.    put in for orthopetic consultant doctor will see plaintiff Hughes
2.    later.
3.         Defendant Sewyer said nothing could be done based on the
4.    Offender Health Care Plan. Defendants altered the records and
5.    changed Plaintiff Hughes "work" injury to a sport injury on
6.    9/3/107.
7.         Plaintiff Hughes was not personally seen by the orthopetic
8.    diagnosis. Plaintiff has admissible evidence attached in his
9.    appendix and a INDIX for the court's consideration.
10.        Plaintiff's needless pain. Further, Plaintiff Hughes makes a
11.   prima faci showing that defendants medical staff to be
12.   deliberately indifferent to his serious medical needs as
13.   including:
14.   (1) Ignoring obvious conditions associated with his torn bicept;
15.   (2) Failed to provide treatment for his diagnosed condition from
16.   the start to correct his injury;
17.   (3) Failing to investigate diligenty and enough to make an
18.   informed judgment;
19.   (4) Delaying treatment;
20.   (5) Interfering with access to treatment and medical emergency;
21.   (6) Making medical decisions based on non-medical factors; and
22.   (7) Making medical judgment so bad it failed below professional
23.   medical standards.
24.        Thus the prison health defendant's did not actually use
25.   legitimate medical judgment.

(20.)

For this Court to decide if I have an Eight Amendment claim for lack of treatment for diagnosed medical illnesses and conditions, there are several things I request this Court to consider. As discussed in my argument above, I have laid out the showing of proof that the medical condition I raised in my complaint was "Sufficiency serious" and make the offer of proof the defendants knew about the risk to my injury and ignored it until it was damaged beyond rehabilitation would be effective.

The following examples of the courts found that diagnosed medical conditions were sufficiently serious. In **Montalvo v. Koehler**, 85 90 Civ. 5218, 1983 U.S. Dist. LEXIS 11785, at *4 (S.D.N.Y. Aug 24 1993)(unpublished). Note, however, that the prisoner lost his case because he failed to meet the subjective standard for diliberate indifference. And Failure to treat a serious hip condition requiring surgery, **Hathaway V. Couglin**, 37 F.3d 63, 67 (2nd Cir. 1994); have all found to establish a prison's deliberate indifference to prisoners' serious medical needs.

The defendants would have this Court to believe that this cause is a "difference in medical" treatment or Opinion. A negligence claim. Or the possibility that throughout the course of different Prisons treating Plaintiff's injury that it was a "Old Injury" that has healed but still causes pain. **Banuelos V. McFarland**, 41 F.3d 232, 235 (5th Cir. 1995)(Finding that although prisoner's work boots hurt his ankle, his medical report

1. identified an "old Ankle Injury" that doctors did not expect to

2. produce very much pain, and a-rays' proved that the bone was not

3. broken or deformed and therefore the injury was not sufficiently

4. serious). Plaintiff's complaint is clearly not am elective

5. procedure and is not optional procedure that he would benefit

6. from but that treatment was immediately necessary for the

7. survival or relative well-being.

8. Plaintiff is aware that the Constitution does not promise

9. comfortable prisons or breaking edge treatment. Plaintiff' MRI

10. was needed according to medical diagnosis by Defendant, Dr.

11. Smith. [ exhibit A-C ], as well as the many providers and

12. specialists that recognized that there was something else wrong.

13. The diagnosis and changing of course of treatment was not based

14. on elective care because plaintiffs injury was not serious

15. enough. The evidence shows that there was "concerns" and the

16. diagnoses without the MRI "didn't make since. **Baker v.**

17. **Blanchette**, 186 F. Supp. 2d 100, 105 n.4 (D. Conn. 2001)(stating

18. that although prisoner could wait to have surgery, merely

19. classifying the surgery as elective does not abolish the prison's

20. duty to provide treatment fro a serious medical need); **delker v.**

21. **Maass**, 843 F. Supp. 1390, 1399 (D. Or. 1994)(holding that prison

22. officials may not simply characterize a surgery as elective in

23. order to avoid performing the procedure).

24. Furthermore, Plaintiff's condition gave him continual pain

25. and discomfort over a long period of time. (evidence of Plaintiff

Hughes ( i ). This fact alone warrants a MRI and other treatment

i HUGHES DECLARATION

37

plaintiff was denied, even though the condition may not require immediate attention. Lengthy delays in providing plaintiff with treatment caused permanent damage to the point plaintiff is disabled for life and is unacceptable under the color of the law. Se **Johnson v. bowers**, 884 F.2d 1053, 1056 (8th cir. 1989)(holding that a prisoner who had to wait nine years for elective arm surgery has suffered a constitutional violation); **West v. Keve**, 514 F.Supp. 534, 539-40 (D. Del. 1982)(holding that prison officials may not simply characterize a surgery as elective in order to avoid performing the procedure).

The defense of Acting Under the Color of The Law; In the Defendant's Official capacity and other exceptions granting Summary Judgment in a claim such as Plaintiff Hughes "does not reach". Defendants as well a laymen of common knowledge would have know that the injury plaintiff suffered was serious. That; while the defendants records show they was scratching their heads knowing something else was wrong and things "Didn't make since".

In **Alvarez v. MD. dept. of Corr** (LEXIS 37899) (2018 4th Cir. Dist. Court)(MRI was given on leg showing Bucket-handle tear tot he multidirectional medical radial meniscus with degenerative chrondromalasia of right knee "strongly recommended" arghroscopic surgery). In that case the second surgery was denied because cost to much money.

In plaintiff Hughes case his injury did not get better and in fact was aggravated with the guard transportation injury to

the same injury, did not get better with non-surgical approach. The acts and omissions amounted to deliberate indifference to serious medical needs-to provide-or ensure the needed care was availab. **Farmer v. Brennon**, 511 U.S. 825 (1994).

Plaintiff's condition in Hughes case was in the least so grossly incompetent or inadequate as to shock the conscious or to be intolerable to fundamental fairness. **Miller v. Beorn**, 986 F.2d 848, 851 (1990).

The disputed facts are in the records that Plaintiff Hughes has evidence that defendant's was diliberatley indifferent to his medical needs in violation of the 8th Amendment. The defendants are all directly involved in assessing Hughes needs and worked in concert with Dr. Smith (Defendant) and (Moore) whom both knew of Hughes need for...Medical standard of care for his injury.

In this case Counsel needs to be appointed the Plaintiff so that he has a opportunity to engage in meaningful discovery to potential liability.

Not to order MRI or Orthopedic spiecalist were matters of medical judgment when prisoner was feeling better. **Goods v. Virga**, (35290 LEXISIS)(2015). In Plaintiff Hughes case it gotten worse as the evidence shows. This was due to denial and delayed medical emergancy in responding dilligantly to Plaintiff's serious medical need. **Wihem v. Rutman**, 680 F.3d 1113 (2012).

39

QUALIFIED IMMUNITY CLAIM

Hughes moves for summary judgment and argues defendants cannot assert a qualified immunity defense. The defendants possible argument that they acted in good faith and are thus immune from suit in their personal capacity does not reach. Here Hughes's 8th Amendment claim that prison officals was indifferent to his medical needs were clearly established in "Offender Health care Plan" & established in their medical oath when defendants became health care workers. The facts of his medical lack of treatment were established and in no way is a difference in medical treatment between Plaintiff and the Defendants. Defendants know that the course of medical treatment was aggravated, [re-injured], and "something else is wrong"; "treatment did not makes sense"; "a MRI is needed'. From some of the evidence plaintiff offers here that goes to showing that their is a viable claim that a jurist needs to decide.

Evidence shows defendants are not entitled to qualified immunity for any of the violations of plaintiff's medical rights proven in this case.

The Supreme court Held that qualified immunity cannot be based on a public official's subjective good faith. Rather, qualified immunity turns on "the objective reasonableness of an officials conduct...." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982). In **Harelow**, the Court held:

Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar a their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known.

Defendant's arguing for qualified immunity that they acted in subjective good faith does not reach. This assertion would be inadequate in light of the objective standard articulated in **Harlow**.

As the defendants recognize in the offender health care plan and the referrals to other physicians within the prison, or to physicians or facilities outside the prison required defendants to provide a system of ready access to adequate medical care. Defendant's failure to do so is a Eighth Amendment violation.

Walla Walla Was mandated in **Hoptowit v. Ray**, 682 F.2d 1237, 1252-53 (9th Cir. 1982). In this case Walla Walla officials and Washington's prisoner Health Care System and know this. Thus the violations in Hughes evidence and medical records and grievances show the bad faith in treating plaintiff. [See Appendix].

**Washington v. Dugger**, 860 F.2d 1018 (11th Cir. 1988)(denial of treatments that could "eliminate pain and suffering at least temporarily). For instance in Plaintiff case is similar to **Hoptowit** in the prison must also provide an adequate system for responding to emergencies. If outside facilities are too remote or too inaccessible to handle emergencies promptly and adequately, then the prison must provide adequate facilities and

1.  staff to handle emergencies within the prison. Something during
2.  the initial injury of plaintiff's arm and the canceling of his
3.  outside treatment. [see APPENDIX].

4.  The defendants breached their duty and the literature as well
5.  as testimony from the x-ray experts will testify the defendants
6.  did not use the usally accepted procedures in treatment of
7.  Plaintiff's injury. Stanback v. State, 163 A.D.2d 298, 299, 557
8.  N.Y.S.2d 433, 433-34 (2nd Dept. 1990); Kagan v. State, 331 A.D.2d
9.  7, 25, 646 N.Y.S.2d 336, 347 (1996).

10. In Stanback the plaintiff's expert testified that an x-ray of
11. plaintiff's knww would have reviealed his torn legament. However
12. prison doctors only offered ace bandages, braces, and painkillers
13. and did not x-ray the knee for over three years. Expert
14. testimony is not always necessary. In Rivers, the state court
15. held that "[a] medical experts testimony is not required where a
16. lay person, relying on common knowledge and experience, can find
17. that the harm would not have occurred in the absence of
18. negligence.

19. In other words, if an ordinary person could have used common
20. sense to find out that negligence must have occurred, Plaintiff
21. in this instance need no expert witness. The amount of
22. Negligence in Plaintiff Hughes case amounted a total disreguard
23. for necessary medical need.

24. As long as the defendants knew as the evidence shows and did
25. nothing to diagnosis defendants did not have to treat plaintiff.

42.

CONCLUSION

Based on the information presented in the Record and argument presented in my brief this Court should accept review and hold that;

1. There is a reasonable Issue(s) presented in ROBERT WAYNE HUGHES brief and argument that a genuine issue exists that a reasonable jurist can decide, and;

2. That ROBERT WAYNE's civil rights complaint was dismissed prematurly because a full fair round of discovery was not done in good faith.

3. That this Court should find that the process due for ROBERT WAYNE HUGHES was violated by plaintiff's under the U.S Constitution 8th Amendment diliberte indifference to his medical need.

DATED: May 12th, 2020


ROBERT WAYNE HUGHES
WASHINGTON STATE PENITENTIARY
1313 N. 13th Avenue
Walla Walla, Washington 99362

43

ROBERT WAYNE HUGHES
    Plaintiff,
vs.
DEVEN BONECAMP: B. BLAIR,
KEN MOORE, K. SAWYRE, MD
K. Krohoa, Dr. Smith, MD
M. Holthe
    Defendants.

## CERTIFICATE OF SERVICE

Case Name: _____ v. _____

9TH Circuit Case No. _____

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the ___NOTICE OF APPEAL AND ~~BRIEF~~ Docket Statement___

(Title of document you are filing)

And any attachments was served, either in person or by mail on the person(s) listed.

ELECTRONIC FILING SYSTEM WAS USED FOR
SEARVICE UPON DEFENDANTS.

*Robert Wayne Hughes*

Signature (No Notary Required)

Name_____ Address_____ Date Served